UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAVANAH ST. CLAIR, et al., <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:15-cv-01091- LJO-JLT <br><br> ORDER GRANTING PLAINTIFFS' MOTION TO FILE AN AMENDED COMPLAINT <br><br> (Doc. 37) |

Savanah and Andy St. Clair seek leave to file an amended complaint in the action. (Doc. 37) Defendants filed a statement of non-opposition to the motion. (Doc. 39) Having reviewed the motion and its supporting documents, the Court finds the matter is suitable for decision without oral arguments. Accordingly, the matter is taken under submission pursuant to Local Rule 230(g), and the hearing date of April 20, 2016 is **VACATED**.

Because leave to amend the complaint is appropriate under Rule 15, as discussed below, Plaintiffs' motion to amend the complaint is **GRANTED**.

**I.  Legal Standards**

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Here, Defendants filed

1

an Answer on December 8, 2015. (Doc. 14) Therefore, Plaintiffs require either consent of Defendants or leave of the Court to file an amended complaint.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Thus, the policy to grant leave to amend is applied with extreme liberality. *Id.* There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990).

**II.     Discussion and Analysis**

In evaluating a motion to amend under Rule 15, the Court may consider (1) whether the plaintiffs previously amended the complaint, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Community College Dist.*, 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight, as prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

A.     Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a plaintiff has previously amended the complaint. *Allen*, 911 F.2d at 373; *Fidelity Fin. Corp. v. Fed. Home Loan Bank*, 79 F.3d 1432, 1438 (9th Cir. 1986). Here, Plaintiffs have not previously amended the complaint. Thus, this factor does not weigh against amendment.

B.     Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*,

833 F.2d 183, 186 (9th Cir. 1986). Evaluating undue delay, the Court considers whether "permitting an amendment would … produce an undue delay in the litigation." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990)

Here, Plaintiffs initiated the action without the representation of counsel in July 2015. After Plaintiffs obtained a counsel, who filed a notice of appearance on February 2, 2016, Plaintiffs informed the Court that "they intend[ed] to seek leave to file a First Amended Complaint." (Doc. 25 at 5) The Court set a pleading amendment deadline of May 9, 2016. (Doc. 32 at 1)  Thereafter, Plaintiffs filed an ex parte application for leave to file an amended complaint on February 29, 2016 (Doc. 35), which was denied by the Court as procedurally improper on March 7, 2016 (Doc. 37). Plaintiffs filed the motion now pending before the Court only a week later on March 14, 2016. Thus, it does not appear that Plaintiffs have acted in a dilatory manner. Moreover, the case was only recently scheduled and the amendment would not delay the proceedings. Accordingly, this factor does not weigh against leave to amend. *See Jackson*, 903 F.2d at 1387.

### C.     Bad faith

There is no evidence that Plaintiffs have acted in bad faith in seeking to file an amended complaint to raise an additional cause of action and identify a new defendant. Thus, this factor does not weigh against an amendment.

### D.     Futility of amendment

"Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin*, 59 F.3d at 845; *see also Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988) ("A motion for leave to amend may be denied if it appears to be futile or legally insufficient"). Here, there is no showing that the proposed amendment is futile. Therefore, this factor does not weigh against granting leave to amend.

### E.     Prejudice to the opposing party

Generally, the most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under rule 15(a)") (internal quotes omitted). Prejudice has been found where the "parties have engaged in voluminous and protracted discovery" prior to amendment, or where "[e]xpense, delay,

and wear and tear on individuals and companies" is established. *Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994). The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187.

In this case, Defendants do not oppose the amendment, and do not contend they would suffer any prejudice. Notably, there is a presumption under Rule 15(a) in favor of granting leave to amend where prejudice is not shown. *Eminence Capital*, 316 F.3d at 1052. Consequently, this factor does not weigh against granting leave to amend.

### III.   Conclusion and Order

Based upon the foregoing, the factors set forth by the Ninth Circuit weigh in favor of allowing Plaintiffs to file the First Amended Complaint. *See Madeja*, 310 F.3d at 636. Therefore, the Court is acting within its discretion in granting the motion to amend. *See Swanson*, 87 F.3d at 343.

Accordingly, **IT IS HEREBY ORDERED**:

1. The hearing date of April 20, 2016 is **VACATED**;
2. Plaintiffs' motion to amend (Doc. 37) is **GRANTED**; and
3. Plaintiffs SHALL file the amended complaint within three days of the date of service of this Order.

IT IS SO ORDERED.

Dated:   **April 8, 2016**              /s/ Jennifer L. Thurston
                              UNITED STATES MAGISTRATE JUDGE